UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL D. PASSMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00572-JPH-DLP |
| ) | |
| I.D.O.C, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Passmore's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISF 19-07-0015. For the reasons explained in this Entry, Mr. Passmore's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974).

**B. Disciplinary Proceeding**

On June 28, 2019, Indiana Department of Correction (IDOC) Correctional Officer Allen wrote a Report of Conduct charging Mr. Passmore with a violation of Code B-215, Unauthorized Possession/Theft:

> On 6-28-19 at approximately 1735 pm I officer Allen #287 was conducting a pat search on offender Passmore, Michael Doc # 962822 before he left the PDR. While conducting the pat search I observed what looked to be a bag inside his boot. When I had the offender remove his boot and hand it to me. I pulled out bags of coffee and cheese mix. He also had a bag of 3 apples. Offender was identified by his state issued I.D. given a confiscation for the unauthorized items and made aware of this conduct.

Dkt. 10-1. Pictures of the confiscated items were included with the conduct report and the Notice of Confiscated Property form was completed. Dkt. 10-2; dkt. 10-3.

On July 2, 2019, Mr. Passmore received a Notice of Disciplinary Hearing Screening Report notifying him of the charge. Dkt. 10-4. Mr. Passmore pled not guilty, requested a lay advocate, did not wish to call any witnesses, and did not request any physical evidence. *Id.*

Mr. Passmore's disciplinary hearing occurred on July 8, 2019, and he stated: "I dug these items out of the trash." Dkt. 10-7. The disciplinary hearing officer (DHO) considered the conduct report, statement of offender, and photographs and found Mr. Passmore "guilty due to staff reports and physical evidence." *Id.* Mr. Passmore's sanctions included deprivation of 30-days' earned credit time—which was initially suspended but later imposed. *Id.*; dkt. 10 at 3.

Mr. Passmore's appeal to the Facility Head was denied on July 22, 2019. Dkt 10-9; dkt. 10-10. "Passmore did not file an appeal to the IDOC appeal officer because the credit time deprivation was initially suspended and not imposed until the window for the appeal had passed." Dkt. 10 at 3. On November 26, 2019, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254. Dkt. 1. The respondent filed a return to order to show cause on February 25, 2020. Dkt. 10. Mr. Passmore did not file a reply.

### C. Analysis

Mr. Passmore argues that he should have been charged with a different, lesser code violation of C-353, and that he was told this by Officer Allen, who later wrote it up as a violation of B-215 instead. Dkt. 1 at 3. Mr. Passmore contends that he found the items in the trash and never left the building with them. *Id.* at 3–4. The Court construes these grounds as challenges to the sufficiency of the evidence supporting Mr. Passmore's charge.

Mr. Passmore additionally states that this was his first infraction in 7 years and that the sanctions imposed were excessive. *Id.* The Court notes that the respondent did not address this argument, and that Mr. Passmore raised it in his first level appeal and restated it in his petition.

#### 1. Sufficiency of the Evidence

Courts may not reweigh evidence already presented at a prison disciplinary hearing. *Hill*, 472 U.S. at 455-56; *Scruggs*, 485 F.3d at 941. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[ ] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Nonetheless, in a safeguard

against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

In a habeas case, it is not the Court's role to determine whether Mr. Passmore should have been charged with or convicted of a lesser offense. Instead, the Court determines whether there is sufficient evidence to support the charge he was found guilty of at his disciplinary hearing. Code B-215 prohibits offenders from "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." Dkt. 10-12. Here, the conduct report stated that during a pat search Officer Allen found that Mr. Passmore possessed unauthorized items inside his boot. Dkt. 10-1. Upon instruction from Officer Allen, Mr. Passmore removed his boot and handed the items to the officer. *Id.* The conduct report and confiscation slip noted that Mr. Passmore was in possession of 3 bags of coffee, 2 bags of cheese sauce, and 1 bag of 3 apples. *Id.*; dkt. 10-3. Officer Allen identified Mr. Passmore by his state issued I.D and photographs were taken of the items on the day of the incident. Dkt. 10-1; dkt. 10-2.

Mr. Passmore does not dispute that he possessed the items nor does he argue that he was authorized to do so. Dkt. 1. And his explanation that he took the items from the trash and never left the building were considered by the DHO. Mr. Passmore's mere possession of the unauthorized items meets the elements of a Code B-215 violation, regardless of where he obtained the items and where he transported them.

Accordingly, the Court finds that Mr. Passmore's conviction was supported by some evidence, and as such, he is not entitled to the relief he seeks on these grounds.

### 2. Excessive Sanctions

Mr. Passmore claims that the sanctions imposed were excessive. This allegation implicates the prison's compliance with IDOC policies. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas

relief.").

Accordingly, Mr. Passmore is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Passmore to the relief he seeks. Accordingly, Mr. Passmore's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 4/21/2021

                                        _James Patrick Hanlon_
                                        James Patrick Hanlon
Distribution:                           United States District Judge
                                        Southern District of Indiana

MICHAEL D. PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov